Erin J. Ruben
eruben@milberg.com
**MILBERG COLEMAN BRYSON PHILLIPS GROSSMAN PLLC**
900 W. Morgan St.
Raleigh, NC 27603
Telephone: (919) 600-5009

Trenton R. Kashima (SBN 291405)
tkashima@milberg.com
**MILBERG COLEMAN BRYSON PHILLIPS GROSSMAN PLLC**
402 West Broadway St., Suite 1760
San Diego, CA 92101
Tel: (619) 810-7047

*Attorneys for Plaintiff and the Putative Class*

[*Joint Filing - See signature page for additional Plaintiff's Counsel and Defendant's Counsel*]

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ELIZABETH CASTILLO, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>PRIME HYDRATION LLC,<br><br>Defendant. | CASE NO. 3:23-cv-03885-AMO<br><br>Honorable Araceli Martínez-Olguín<br><br>**JOINT CASE MANAGEMENT STATEMENT**<br><br>Hearing Date: May 16, 2024<br>Hearing Time: 10:00 AM |

Plaintiff Elizabeth Castillo ("**Plaintiff**") and Defendant Prime Hydration LLC ("**Defendant**") (collectively, the "Parties"), the parties to the above-entitled action, hereby submit this Joint Case Management Statement & Proposed Order as requested by the August 9, 2023 Clerk's Notice Scheduling Case Management Conference, Dkt. #14, and pursuant to the Standing Order for All Judges of the Northern District of California and Civil Local Rule 16-9, and the Standing Order for Judge Araceli Martínez-Olguín.

**1.      Jurisdiction & Service**

**(a)      Plaintiff's Statement:** Defendant was served with the Complaint in this matter on August 9, 2023.

This Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. § 1332. This Court has personal jurisdiction over Defendant due to Defendant's contacts with the state of California in relation to the allegations of the Amended Class Action Complaint. Dkt. #26. Venue is proper pursuant to 28 U.S.C. § 1391 and the California Consumers Legal Remedies Act, Civil Code § 1780(d).

**(b)     Defendant's Statement:** Plaintiff served the Complaint on August 9, 2023. There is no challenge to personal jurisdiction or venue. Other than the standing issues raised in Defendant's Motion to Dismiss Plaintiff's Amended Complaint, there is no current challenge to subject matter jurisdiction.

**2.     Facts**

**(a)  Plaintiff's Statement:** Defendant manufacturers and sells Prime Hydration Grape Sports Drink (the "Product"), a bottled, ready-to-drink beverage. The Product is uniformly and prominently labeled as containing various health benefits, including by the addition of ingredients such as antioxidants and electrolytes. Defendant knows that consumers are concerned with the ingredients in traditional sports drinks, so to profit off of health-conscious consumers, the Product is advertised by Defendant to intentionally lead reasonable consumers to believe the Product is a healthy alternative that does not contain any ingredients that are known to cause harm to human health. Defendant's marketing contains a litany of representations designed to convince consumers that the Products is a premium, healthy beverage. Next to the name "Prime," the Product promises to "refresh, replenish, and refuel," with B Vitamins, antioxidants, and branched-chain amino acids, for "the perfect boost for every endeavor." These label claims are further bolstered by Prime's use of "FILTERED WATER" as its primary ingredient, which leads reasonable consumers to believe that additional care has been taken to remove any incidental chemicals or impurities that might contradict Defendant's claims that the Product is a healthy sports beverage.

Defendant makes these representations despite the presence of per- and polyfluoroalkyl substances ("PFAS") in the Products. PFAS are man-made, highly persistent, and potentially harmful chemicals that are known to bioaccumulate within the human body. There is no safe level of exposure to this chemical, and even trace levels of PFAS can pose a risk to humans. Plaintiff's independent testing detected material levels of eight different varieties of PFAS in the Product, including Perfluorooctanoic acid ("PFOA") and Perfluorooctanesolfonic acid ("PFOS") at levels significantly higher than the Environmental Protection Agency's recommended lifetime health advisory for PFOA and PFOS in drinking water. Peer-reviewed

scientific research has uniformly found that PFAS chemicals such as those detected in the Products are associated with many serious health issues, including developmental delays in children, interference with the body's natural hormones, increased risk of obesity, and increased risk of some cancers. The presence of PFAS in the Product is entirely inconsistent with Defendant's uniform marketing and on label representations.

**(b)    Defendant's Statement:**

Plaintiff's claims are based on speculation and inaccurate "interim health advisories" that have been superseded. To have any claim, Plaintiff must allege and prove facts showing an unreasonable safety issue. *In re Plum Baby Food Litig.*, 2024 U.S. Dist. LEXIS 56920, *16 (N.D. Cal. Mar. 28, 2024) (an alleged unreasonable safety hazard "must describe more than merely 'conjectural and hypothetical' injuries"). Plaintiff, however, alleges that her attorneys supposedly found PFOS in an unidentified sample of grape sports drink at three times an "interim" advisory issued by the Environmental Protection Agency ("EPA") in June 2022. But on April 10, 2024, the EPA published its <u>final</u> Maximum Contaminant Levels ("MCLs") for drinking water at 4.0 parts per trillion (ppt) for PFOS and 4.0 ppt for PFOA—about 70 times <u>higher</u> than the amount supposedly found by Plaintiff's lawyers. The EPA has also issued final Health Advisory stating that "*the 2022 PFOA and PFOS interim [advisories] no longer reflect the best available scientific information because they were based on draft noncancer toxicity values from the 2021 [Science Advisory Board] review drafts of the PFOA and PFOS toxicity assessments. The final EPA toxicity values in the 2024 PFOA and PFOS toxicity assessments reflect the best available science and are different from the 2021 draft toxicity values used to calculate the 2022 interim [Health Advisories].*"[1] In other words, Plaintiff's claims are based entirely on an interim advisory the EPA has now deemed inaccurate.

Not only is Plaintiff's theory of harm based on outdated and inaccurate information, her theory of deception is contrived. She claims that Prime supposedly represented that her grape sports drink was PFAS-free, even though the label contains no such language. She attempts to fabricate an affirmative representation about health by conflating "hydration" with "health," even though "health" appears nowhere on the label and even though the label discloses artificial ingredients. Plaintiff also fails to plausibly show

---

[1] *Past PFOA and PFOS Health Effects Science Documents*, Environmental Protection Agency, last updated April 26, 2024, https://www.epa.gov/sdwa/past-pfoa-and-pfos-health-effects-science-documents.

that the bottle of Prime grape sports drink that she consumed contained PFAS in any amount, let alone in unsafe amounts. Plaintiff has not stated any viable claim, and Defendant thus denies all material allegations in the Amended Complaint.

**3.      Legal Issues**

**(a) Plaintiff's Statement**: The Amended Class Action Complaint asserts claims for violations of consumer protection statutes (i.e., the California Consumer Legal Remedies Act, Civil Code §§ 1750, *et seq*. ("CLRA"), the California Unfair Competition Law, Cal. Bus. & Prof. Code §§ 17200, *et seq*. ("UCL"); and the California False Advertising Law, Cal. Bus. & Prof. Code §§ 17500, *et seq*. ("FAL")) and breach of implied warranty under the Song-Beverly Consumer Warranty Act, Civil Code §§ 1790, *et seq*. and §§ 2314, *et seq*. Dkt. #26. Plaintiff's Amended Complaint also asserts claims on behalf of a nationwide class for violation of the Magnuson-Moss Warranty Act, 15 U.S.C. § 2301, *et seq*.; however, Plaintiff does not oppose dismissal of this claim. *See* Dkt. # 34 at 7 n.1. In addition to monetary damages and other compensatory relief, Plaintiff seeks injunctive relief to prevent further false and misleading representations. As to whether this case is suitable for class treatment, Plaintiff will file a motion for class certification pursuant to the schedule set by the Court that sets forth the basis for such common adjudication of the factual and legal issues, which include but are not limited to:

   (a)   Whether Defendant's practices in marketing, advertising, and packaging the Product tend to mislead reasonable consumers;

   (b)   Whether Defendant engaged in false or misleading advertising;

   (c)   Whether Defendant engaged in unfair, unconscionable, or deceptive trade practices by selling and/or marketing the Product;

   (e)   Whether Defendant violated the FAL, UCL and/or CLRA;

   (f)   Whether Plaintiff and proposed class members either paid a premium for the Product that they would not have paid but for Defendant's false representations or would not have purchased them at all;

   (g)   Whether Plaintiff and proposed class members are entitled to damages, including compensatory, exemplary, and statutory damages, and the amount of such damages;

   (h)   Whether Plaintiff and proposed class members have suffered an economic injury and

the proper measure of their losses as a result of those injuries; and

   (i) Whether Plaintiff and proposed class members are entitled to injunctive, declaratory, or other equitable relief.

**(b) Defendant's Statement**: To the extent Plaintiff's claims are not dismissed, they turn on two discrete core issues: whether (i) Plaintiff can prove that the Prime grape sports drink she consumed contained PFAS, in (ii) amounts sufficient to create an unreasonable safety issue. Defendant proposes that the Court exercise its discretion to "set the timing and sequence of discovery" as is expressly permitted in the Federal Rules to focus any discovery on these two who issues. *See Crawford-El v. Britton,* 523 U.S. 574, 599 (1998) (citing Fed. R. Civ. P. 26(d)); *Mendia v. Garcia,* 2016 WL 3249485, at *5 (N.D. Cal. June 14, 2016). Aside from these issues, the Motion to Dismiss discusses the key legal issues in this case, identified below:

   a) Whether Plaintiff has alleged a cognizable injury in fact;

   b) Whether the consumer protection claim should be dismissed as improperly 'pleading around' the mandatory pre-suit requirements of California Prop. 65;

   c) Whether Plaintiff has stated her consumer protection fraud claims with particularity;

   d) Whether any reasonable consumer could be misled under Plaintiff's consumer protection misrepresentation claim;

   e) Whether Plaintiff can state an omission claim when she does not allege facts showing that Prime had pre-sale knowledge that the grape sports drink contained PFAS;

   f) Whether Plaintiff can state any equitable claim or request for relief because she alleges an inadequate legal remedy in the form of money damages;

   g) Whether Plaintiff can state an injunctive relief claim without alleging facts showing a concrete, imminent threat of future harm;

   h) Whether Plaintiff can state an implied warranty claim without alleging her grape sports drink was unmerchantable or that it lacked fitness for any particular purpose.

**4.   Motions**

On November 3, 2023, Defendant filed a motion to dismiss Plaintiff's Amended Complaint (Dkt. #28). On April 18, 2024, this Court conducted a hearing on Defendant's Motion to Dismiss Plaintiff's Amended Complaint (Dkt. #47). The Motion to Dismiss is currently pending before the Court.

In addition, Plaintiff anticipates filing a motion for class certification and may also file a motion for summary judgement. Depending on the outcome of the currently pending Motion to Dismiss, Defendant reserves its right to file another Motion to Dismiss. Defendant also anticipates filing a motion for summary judgment and may file a motion to deny class certification.

**5.     Amendment of Pleadings**

If the Court grants Defendant's pending Motion to Dismiss in part or in whole, the Parties anticipate the Court will set a deadline for Plaintiff to file an amended pleading, to the extent such amendment is allowed. Defendant's position is that Plaintiff already has amended and has not shown any basis for being allowed to amend again.

**6.     Evidence Preservation**

The Parties have taken appropriate steps to ensure the preservation of all information, documents, and tangible items that are relevant to Plaintiff's claims in this action to the extent such information, documents, and tangible items are in the Parties' possession, custody and control. In addition, the Parties have reviewed the Guidelines Relating to the Discovery of Electronically Stored Information ("ESI Guidelines") and agree to meet and confer regarding reasonable and proportionate steps taken to preserve evidence relevant to the issues reasonably evident in this action.

**7.     Disclosures**

The Parties intend to serve their respective Rule 26(a)(1) initial disclosures 14 days after the Case Management Conference.

**8.     Discovery**

The Parties have not met and conferred, served, or exchanged any discovery in the case. The Parties agree that discovery should commence upon the Court's ruling on Defendant's pending Motion to Dismiss the Amended Class Action Complaint. The Parties agree that all discovery requests and responses may be served electronically pursuant to Fed. R. Civ. P. 5(b)(1)(E). If the claims in this case proceed to the certification and/or merits stages, the parties are considering entering into a stipulated e-discovery order and stipulated protective order based on the Northern District of California's Model Stipulated Order regarding Discovery of Electronically Stored Information for Standard Litigation and Model Stipulated Protective Order.

6     CASE NO. 3:23-cv-03885-AMO
JOINT CASE MANAGEMENT STATEMENT

**(a) Plaintiff:** Plaintiff does not presently anticipate a need for alterations to the limitations on discovery imposed under applicable rules. Plaintiff opposes the "phased discovery" proposed by Defendant herein, which will only serve to prolong this case and create additional disputes regarding the scope of discovery. *See Imran v. Vital Pharms., Inc.,* 2019 WL 13207582, at *1 (N.D. Cal. Sept. 4, 2019). To the extent that Defendant wishes to prioritize certain discovery for a pre-class certification motion for summary, Plaintiff is willing to meet and confer with Defendant to do so, provided it does not prejudice Plaintiff from seeking class certification discovery.

**(b) Defendant:** If any claim survives dismissal, Defendant proposes phased discovery, focusing first on two discrete core factual issues that are case dispositive: whether (i) Plaintiff can prove that the Prime grape sports drink she consumed contained PFAS, in (ii) amounts sufficient to create a serious safety risk. Defendant proposes that the Court exercise its discretion to "set the timing and sequence of discovery" as is expressly permitted in the Federal Rules. *Crawford-El v. Britton,* 523 U.S. 574, 599 (1998) (citing Fed. R. Civ. P. 26(d)); *Mendia v. Garcia*, 2016 WL 3249485, at *5 (N.D. Cal. June 14, 2016). After focused discovery on these issues, Prime will move for summary judgment. This schedule provides the most efficient way to litigate this case, without the need for wasted time and effort by the Court or parties.

## 9. Class Actions

**(a) Plaintiff:**

Plaintiff brings this action individually and as the representative of all those similarly situated pursuant to Fed. R. Civ. P. 23(a), 23(b)(2), and 23(b)(3), on behalf of herself and the members of the following California class: During the fullest period allowed by law, all persons who purchased the Product within the state of California for personal use and not for resale. Plaintiffs believe a class action is proper for the reasons stated in the Complaint.

**(b) Defendant**

Plaintiff has not alleged any facts supporting class treatment. The statements above are boilerplate and do not show any basis for certification. In a case like this one, class treatment would impede Defendant's due process rights, as well as its Constitutional right to freedom of speech.

## 10. Related Cases

There are no related cases or proceedings before another judge of this court, or before another court or

administrative body.

**11.** **Relief**

**(a) Plaintiff:** In addition to restitution, damages, and other compensatory relief, Plaintiff seeks injunctive relief to prevent further false and misleading representations.

Defendant's sale of a sports beverage that contains potentially harmful PFAS through the use of false and misleading representations, and failure to warn of the dangers of PFAS, allowed it to charge more for the Product than it otherwise would have been able to, had its marketing and labeling representations been accurate. If consumers had known that the Product was not safe, consumers would not have purchased the Product or would have paid less. Likewise, if consumers had been warned of the risks of PFAS, consumers would not have purchased the Product, or would have paid less for it. Thus, as a result of Defendant's sale of the Product that contains PFAS through the use of misrepresentations and omissions, Plaintiff and Class members sustained economic injuries.

Plaintiff's damages expert will calculate Plaintiff's overpayment utilizing a price-premium theory and/or full disgorgement. Damages claimed by Plaintiff and the putative class exceed $5,000,000.00 exclusive of interests and costs. The exact computation of damages will be disclosed in accordance with the Court's scheduling order and the Federal Rules of Civil Procedure.

**(b) Defendant:**

Plaintiff has not alleged any basis for damages or other relief in this case. The statements above are unsupported and unsupportable. Plaintiff received what she bargained for and has no basis for any relief.

**12.** **Settlement and ADR**

The Parties have not had any settlement communications. Pursuant to Civ. L.R. 16-8(b) and ADR L.R. 3-5(b), Plaintiff filed her ADR Certification on April 26, 2024. Defendant filed its ADR Certification on April 29, 2024. The Parties agree that they are open to ADR, but not at this current stage in the litigation.

**13.** **Other References**

The parties agree that the case is not suitable for reference at this time to binding arbitration, a special master, or the Judicial Panel on Multidistrict Litigation.

**14. <u>Narrowing of Issues</u>**

**(a) Plaintiff:**

Plaintiff for the reasons stated in Section 8(a), Plaintiff opposes any "phased" discovery. To the extent that Defendant intends to move for summary judgement at the outset of the case, Plaintiff does not oppose Defendant's right to file such a motion, but only asserts that Defendant should not be able to file multiple motions for summary judgment on the same causes of action. Plaintiff requests that the Court defer discussion of severance of issues for trial until a later date.

**(b) Defendant:**

As set forth above, the key dispositive issues in this case are whether (i) Plaintiff can prove that the Prime grape sports drink she consumed contained PFAS, in (ii) amounts sufficient to create a serious safety risk ("Key Dispositive Issues"). Defendant proposes a phased approach that focuses initial discovery on the Key Dispositive Issues. Courts often grant requests to address similar "threshold issues" in the initial phase of discovery.[2]

Both parties met and conferred and were unable to reach an agreement. Defendant is proposing sequencing discovery to answer the Key Dispositive Issues first. Defendant makes this proposal in good faith and in the hopes that it will prove efficient for the Court, as it will reduce or eliminate the need for briefing on other issues. And Defendant also believes that its proposal schedule will be efficient for Plaintiff as well, as both sides will benefit from understanding the strength of their respective positions on the key issues in this litigation.

**15. <u>Scheduling</u>**

**(a) Plaintiff:**

Again, Plaintiff opposes any "phased" discovery. Plaintiff, however, would be willing to agree to a schedule that accommodates Defendant's proposed pre-class certification motion for summary judgment.

| Event | Date |
|---|---|
| Deadline to move to amend pursuant to Rule 15 | July 12, 2024 |
| Deadline for Plaintiff to identify experts and serve | May 16, 2025 |

---

[2] *Giglio v. Monsanto Company*, 2016 WL 4098285, at *1 (S.D. Cal. Aug. 2, 2016) ("The Court finds that conducting discovery in phases is an efficient solution that may prevent parties from engaging in extremely broad and potentially wasteful discovery. Whether Roundup is capable of causing non-Hodgkin's lymphoma is a threshold issue on which all of plaintiff's claims rest."); *see also Kennis v. Metro W. Asset Mgmt.*, 2016 WL 1150734, at *2-3 (C.D. Cal. Sept. 8, 2016) (limiting "Phase I" of discovery to the "threshold inquiry" at issue).

| | |
|---|---|
| expert reports or declarations in support of motion for class certification | |
| Plaintiff to file motion for class certification | May 16, 2025 |
| Prime to file opposition to motion for class certification | July 18, 2025 |
| Deadline for Prime to identify experts and serve expert reports or declarations in opposition to motion for class certification | July 18, 2025 |
| Plaintiff to file reply brief in support of motion for class certification | September 12, 2025 |
| Hearing on Plaintiff's motion for class certification | To be determined by the Court |

This proposed schedule should allow the parties to conduct discovery of opposing experts within the class certification briefing schedule.  All additional pretrial deadlines should be set after the court's decision on class certification.  Plaintiff is willing to meet and confer regarding a briefing schedule for Defendant's proposed pre-class certification motion for summary judgment.

**(b) Defendant:**

Addressing the Key Dispositive Issues early in this case will be more efficient for all parties and the Court. Accordingly, Defendant proposes the following schedule:

| Event | Date |
|---|---|
| Deadline for fact discovery on Key Dispositive Issues | 90 days after answer |
| Deadline for affirmative expert reports on Key Dipositive Issues | 120 days after answer |
| Deadline for rebuttal expert reports on Key Dispositive Issues | 150 days after answer |
| Deadline to file summary judgment on Key Dispositive Issues | 180 days after answer |

Taking massive unrestricted discovery would waste of the Parties' and the Court's resources. Given the key allegations, Defendant respectfully submits that interests of judicial economy and litigation efficiency would be best served by focusing first on Key Dispositive Issues.

To maximize efficiency, Defendant proposes that the Court defer setting other deadlines until after deciding the Key Dispositive Issues, but Defendant includes these dates below as required under the Northern District Standing Order.

| Event | Date |
|---|---|
| Deadline for Plaintiff to identify experts and serve expert reports or declarations in support of motion for class certification | 210 days after decision on Key Dispositive Issues, if necessary |

| | |
|---|---|
| Plaintiff to file motion for class certification | 210 days after decision on Key Dispositive Issues, if necessary |
| Prime to file opposition to motion for class certification | 60 days after Plaintiff's motion for class certification |
| Deadline for Prime to identify experts and serve expert reports or declarations in opposition to motion for class certification | 60 days after Plaintiff's motion for class certification |
| Plaintiff to file reply brief in support of motion for class certification | 30 days after Prime's opposition brief |
| Hearing on Plaintiff's motion for class certification | 21 days after Plaintiff's reply brief |
| Deadline for parties to identify experts expected to be called at trial under Rule 26(a)(2) and serve expert reports or declarations | 60 days after Court's ruling on motion for class certification |
| Deadline for parties to identify rebuttal experts expected to be called at trial under Rule 26(a)(2) and serve rebuttal expert reports or declarations | 90 days after Court's ruling on motion for class certification |
| Discovery cutoff | 120 days after Court's ruling on motion for class certification |
| Deadline to file dispositive motions on other issues | 150 days after Court's ruling on motion for class certification |
| Final pretrial conference | 210 days after Court's ruling on motion for class certification |
| Trial (estimate 2-3 weeks) | 225 days after Court's ruling on motion for class certification |

**16.     Trial**

Plaintiff demands a jury trial and estimates approximately 15 days for trial.

**17.     Disclosure of Non-party Interested Entities or Persons**

On September 29, 2023, Defendant filed its "Certificate of Conflicts and Interested Entities or Persons" (Dkt #19) pursuant to Civil L.R. 3-15. Defendant certified that the following listed persons, associations of persons, firms, partnerships, corporations (including parent corporations) or other entities (i) have a financial interest in the subject matter in controversy or in a party to the proceeding, or (ii) have a non-financial interest in that subject matter or in a party that could be substantially affected by the outcome of this proceeding: Drink Prime Holding Company LLC. Because this is a proposed class action, Plaintiff also hereby certifies that she is being represented by her counsel on a contingency fee basis and, therefore, her counsel is funding the prosecution of her claims against Defendant.

**18.     Professional Conduct**

Counsel for the Parties have reviewed the Guidelines for Professional Conduct for the Northern District of

California.

**19.    Other**

The Parties are presently unaware of any other matters which may facilitate the just, speedy, and inexpensive disposition of this matter.

DATED: May 2, 2024                                      By: /s/ Erin J. Ruben

Erin J. Ruben
**MILBERG COLEMAN BRYSON PHILLIPS GROSSMAN PLLC**
900 W. Morgan St.
Raleigh, NC 27603
eruben@milberg.com
Telephone: (919) 600-5009

Trenton R. Kashima (SBN 291405)
**MILBERG COLEMAN BRYSON PHILLIPS GROSSMAN PLLC**
402 West Broadway St., Suite 1760
San Diego, CA 92101
Telephone: (866) 252-0878

Kristen Lake Cardoso (SBN 338762)
**KOPELOWITZ OSTROW P.A.**
1 West Las Olas Blvd., Ste. 500
Fort Lauderdale, FL 33301
cardoso@kolawyers.com
Telephone: (954) 990-2218

*Attorneys for Plaintiff Elizabeth Castillo*

DATED: May 2, 2024                                      By: /s/ Cindy Hamilton

**GREENBERG TRAURIG, LLP**
Cindy Hamilton
hamiltonc@gtlaw.com
Brian C. Gee
geeb@gtlaw.com
1900 University Avenue, 5th Floor
East Palo Alto, CA 92008
Telephone: 650.328.8500

Robert J. Herrington
Robert.Herrington@gtlaw.com
1840 Century Park East, Suite 1900
Los Angeles, CA 90067
Telephone: 310.586.7700

*Attorneys for Defendant Prime Hydration LLC.*

JOINT CASE MANAGEMENT STATEMENT

ATTESTATION OF FILER

I, Erin J. Ruben, am the ECF user whose ID and password are being used to file this stipulation in compliance with Local Rule 5-1(i)(3). I hereby attest that the concurrence of the filing of this document has been obtained from each of the other signatories indicated by a conformed signature (/s/) within this document.

DATED: May 2, 2024

By:  /s/ *Erin J. Ruben*

Erin J. Ruben
MILBERG COLEMAN BRYSON
PHILLIPS GROSSMAN PLLC
900 W. Morgan St.
Raleigh, NC 27603
eruben@milberg.com
Telephone: (919) 600-5009