**GREENBERG TRAURIG, LLP**
Cindy Hamilton (SBN 217951)
hamiltonc@gtlaw.com
Brian C. Gee (SBN 317436)
geeb@gtlaw.com
1900 University Avenue, 5th Floor
East Palo Alto, CA 94303
Telephone: 650.328.8500
Facsimile: 650.328.8508

Robert J. Herrington (SBN 234417)
Robert.Herrington@gtlaw.com
1840 Century Park East, Suite 1900
Los Angeles, CA 90067
Telephone: 310.586.7700
Facsimile: 310.586.7800

Attorneys for Defendant
PRIME HYDRATION LLC

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ELIZABETH CASTILLO, individually and on behalf of all others similarly situated,<br><br>              Plaintiff,<br><br>v.<br><br>PRIME HYDRATION LLC,<br><br>              Defendant. | CASE NO. 3:23-cv-03885-AMO<br><br>**DEFENDANT PRIME HYDRATION LLC'S ANSWER TO AMENDED CLASS ACTION COMPLAINT**<br><br><br>Assigned to Hon. Araceli Martínez-Olguín |

On September 9, 2024, the Court issued an Order (ECF No. 56) granting in part and denying in part the Motion to Dismiss Amended Class Action Complaint ("Amended Complaint") filed by Defendant PRIME HYDRATION LLC ("Prime" or "Defendant"). The Order dismissed several claims in Plaintiff's Amended Complaint with leave to amend. Plaintiff chose not to amend her claims. Prime now answers the claims the Court has not yet dismissed. Any allegation not expressly admitted is denied.

## ANSWER

Prime denies the first unnumbered paragraph of the Amended Complaint and denies that Plaintiff or putative class members are entitled to any relief whatsoever.

1.      Prime admits that Plaintiff purports to bring this lawsuit on behalf of herself and on behalf of a putative class of past and present purchasers of Prime's Grape Sports Drink ("Grape Sports Drink"). Prime admits that it labeled and marketed the Grape Sports Drink. Except as expressly admitted, Prime denies any remaining allegations in paragraph 1.

2.      Prime lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 2 and thus denies them. Prime lacks knowledge or information that there are any per- and polyfluoralkyl substances ("PFAS") in the Grape Sports Drink and on that basis denies these allegations.

3.      Prime states that, to the extent Plaintiff purports to summarize or interpret any third-party publication, that publication speaks for itself, and Prime denies any characterization that is inconsistent with its content. Prime lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 3 thus denies them.

4.      Prime lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 4 and thus denies them.

5.      Prime admits that it formulates, markets, and sells the Grape Sports Drink. Prime states that, to the extent Plaintiff purports to summarize or interpret any advertising by Prime, that advertising speaks for itself, and Prime denies any characterization that is inconsistent with its content. Prime denies any remaining allegations in paragraph 5.

///

///

6.      Prime states that, to the extent Plaintiff purports to summarize or interpret any third-party publication, that publication speaks for itself, and Prime denies any characterization that is inconsistent with its content. Except as expressly admitted, Prime denies the remainder of paragraph 6.

7.      Prime admits that product marketing generally "is intentionally designed to drive sales and increase profits[.]" To the extent paragraph 7 purports to characterize consumers' beliefs about the Grape Sports Drink, Prime lacks knowledge or information sufficient to form a belief as to the truth of those allegations and thus denies them.  Except as expressly admitted, Prime denies the allegations in paragraph 7.

8.      Prime lacks knowledge or information sufficient to form a belief as to the truth of the allegations about Plaintiff's purported testing, and thus denies them. Prime denies the remaining allegations in paragraph 8.

9.      Prime states that, to the extent Plaintiff purports to summarize or interpret any third-party publication, that publication speaks for itself, and Prime denies any characterization that is inconsistent with its content. To the extent paragraph 9 purports to characterize consumers' beliefs about PFAS, Prime lacks knowledge or information sufficient to form a belief as to the truth of those allegations and thus denies them. Except as expressly admitted, Prime denies the allegations in paragraph 9.

10.      Prime does not understand and thus denies the allegations in paragraph 10.

11.      Prime denies the allegations in paragraph 11 and denies that Plaintiff or the putative class members have suffered any damages.

12.      To the extent paragraph 12 purports to characterize consumers' beliefs about the Grape Sports Drink, Prime lacks knowledge or information sufficient to form a belief as to the truth of those allegations and thus denies them. Except as expressly admitted, Prime denies the allegations in paragraph 12.

13.      Prime denies that Plaintiff or the proposed class have suffered any injury or are entitled any relief in this action.

14.      Prime lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 14 and thus denies them.

15.      Prime denies the allegations in paragraph 15.

16.     Prime admits the allegations in paragraph 16 and admits that none of its members are citizens of the state of California.

17.     The allegations in paragraph 17 state legal conclusions to which no response is required. To the extent that a response is required, Prime is not challenging subject matter jurisdiction at this time, although it denies that Plaintiff has suffered any injury whatsoever. Prime denies any remaining allegations in paragraph 17.

18.     The allegations in paragraph 18 state legal conclusions to which no response is required. To the extent that a response is required, Prime states that it is not contesting personal jurisdiction at this time. Prime denies any remaining allegations in paragraph 18.

19.     The allegations in paragraph 19 state legal conclusions to which no response is required. To the extent that a response is required, Prime states that it is not contesting venue at this time. Prime denies any remaining allegations in paragraph 19.

20.     The allegations in paragraph 20 state legal conclusions to which no response is required. To the extent that a response is required, Prime states that it is not contesting venue at this time. Prime denies any remaining allegations in paragraph 20.

21.     Prime states that, to the extent Plaintiff purports to summarize or interpret any third-party publication, that publication speaks for itself, and Prime denies any characterization that is inconsistent with its content. Prime admits that the Grape Sports Drink is one of several sports beverages sold by Prime. Except as otherwise stated, Prime denies the remaining allegations in paragraph 21.

22.     Prime states that, to the extent Plaintiff purports to summarize or interpret any third-party publication, that publication speaks for itself, and Prime denies any characterization that is inconsistent with its content. Except as otherwise stated, Prime denies the remaining allegations in paragraph 22.

23.     Prime states that, to the extent Plaintiff purports to summarize or interpret any third-party publication, that publication speaks for itself, and Prime denies any characterization that is inconsistent with its content. Except as otherwise stated, Prime denies the remaining allegations in paragraph 23.

24.     Prime states that, to the extent Plaintiff purports to summarize or interpret any advertising or labeling by Prime, that advertising or labeling speaks for itself, and Prime denies any characterization

that is inconsistent with its content. Prime admits that the Grape Sports Drink is part of Prime's Hydration line. Except as otherwise stated, Prime denies the remaining allegations in paragraph 24.

25.     Prime states that, to the extent Plaintiff purports to summarize or interpret any published website, that website speaks for itself, and Prime denies any characterization of that publication that is inconsistent with its content. Except as otherwise stated, Prime denies any remaining allegations in paragraph 25.

26.     Prime admits the allegations in paragraph 26.

27.     Prime lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 27 and thus denies them.

28.     Prime states that, to the extent Plaintiff purports to summarize or interpret any Prime label, that label speaks for itself, and Prime denies any characterization that is inconsistent with its content. Except as otherwise stated, Prime denies the remaining allegations in paragraph 28.

29.     Prime states that, to the extent Plaintiff purports to summarize or interpret any label by Prime, that label speaks for itself, and Prime denies any characterization of that label that is inconsistent with its content. Except as otherwise stated, Prime denies the remaining allegations in paragraph 29.

30.     Prime states that, to the extent Plaintiff purports to summarize or interpret any third-party publication, that publication speaks for itself, and Prime denies any characterization that is inconsistent with its content. Except as otherwise stated, Prime lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 30 and thus denies them.

31.     Prime states that, to the extent Plaintiff purports to summarize or interpret any third-party publication, that publication speaks for itself, and Prime denies any characterization that is inconsistent with its content. Except as otherwise stated, Prime lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 31 and thus denies them.

32.     Prime states that, to the extent Plaintiff purports to summarize or interpret any third-party publication, that publication speaks for itself, and Prime denies any characterization that is inconsistent with its content. Except as otherwise stated, Prime lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 32 and thus denies them.

33.     Prime states that, to the extent Plaintiff purports to summarize or interpret any third-party publication, that publication speaks for itself, and Prime denies any characterization that is inconsistent with its content. Except as otherwise stated, Prime lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 33 and thus denies them.

34.     Prime admits that its advertising and labeling are accurate. Prime states that, to the extent Plaintiff purports to summarize or interpret any advertising by Prime, that advertising speaks for itself, and Prime denies any characterization that is inconsistent with its content. Except as otherwise stated, Prime denies the remaining allegations in paragraph 34.

35.     Prime admits that its advertising and labeling are accurate. Prime states that, to the extent Plaintiff purports to summarize or interpret any label by Prime, that label speaks for itself, and Prime denies any characterization of that advertising that is inconsistent with its content. Except as otherwise stated, Prime denies the remaining allegations in paragraph 35.

36.     Prime admits that its advertising and labeling are accurate. Prime states that, to the extent Plaintiff purports to summarize or interpret any advertising by Prime, that advertising speaks for itself, and Prime denies any characterization that is inconsistent with its content. Except as otherwise stated, Prime denies the remaining allegations in paragraph 36.

37.     Prime admits that its advertising and labeling are accurate. Prime lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 37 and thus denies them.

38.     Prime admits that its advertising and labeling are accurate. Prime states that, to the extent Plaintiff purports to summarize or interpret any label by Prime, that label speaks for itself, and Prime denies any characterization that is inconsistent with its content. Except as otherwise stated, Prime denies the remaining allegations in paragraph 38.

39.     Prime admits that its advertising and labeling are accurate. Prime states that, to the extent Plaintiff purports to summarize or interpret any label by Prime, that label speaks for itself, and Prime denies any characterization that is inconsistent with its content. Except as otherwise stated, Prime denies the remaining allegations in paragraph 39.

40.     Prime states that, to the extent Plaintiff purports to summarize or interpret any third-party publication, that publication speaks for itself, and Prime denies any characterization that is inconsistent with its content. Except as otherwise stated, Prime lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 40 and thus denies them.

41.     Prime states that, to the extent Plaintiff purports to summarize or interpret any third-party publication, that publication speaks for itself, and Prime denies any characterization that is inconsistent with its content. Except as otherwise stated, Prime lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 41 and thus denies them.

42.     Prime lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 42 and thus denies them.

43.     Prime lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 43 and thus denies them.

44.     Prime states that, to the extent Plaintiff purports to summarize or interpret any third-party publication, that publication speaks for itself, and Prime denies any characterization that is inconsistent with its content. Except as otherwise stated, Prime lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 44 and thus denies them.

45.     Prime states that, to the extent Plaintiff purports to summarize or interpret any third-party publication, that publication speaks for itself, and Prime denies any characterization that is inconsistent with its content. Except as otherwise stated, Prime lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 45 and thus denies them.

46.     Prime states that, to the extent Plaintiff purports to summarize or interpret any third-party publication, that publication speaks for itself, and Prime denies any characterization that is inconsistent with its content. Except as otherwise stated, Prime lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 46 and thus denies them.

47.     Prime states that, to the extent Plaintiff purports to summarize or interpret any third-party publication, that publication speaks for itself, and Prime denies any characterization that is inconsistent with its content. Except as otherwise stated, Prime lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 47 and thus denies them.

48.     Prime states that, to the extent Plaintiff purports to summarize or interpret any third-party publication, that publication speaks for itself, and Prime denies any characterization that is inconsistent with its content. Except as otherwise stated, Prime lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 48 and thus denies them.

49.     Prime states that, to the extent Plaintiff purports to summarize or interpret any third-party publication, that publication speaks for itself, and Prime denies any characterization that is inconsistent with its content. Except as otherwise stated, Prime lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 49 and thus denies them.

50.     Prime states that, to the extent Plaintiff purports to summarize or interpret any third-party publication, that publication speaks for itself, and Prime denies any characterization that is inconsistent with its content. Except as otherwise stated, Prime lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 50 and thus denies them.

51.     Prime states that, to the extent Plaintiff purports to summarize or interpret any third-party publication, that publication speaks for itself, and Prime denies any characterization that is inconsistent with its content. Except as otherwise stated, Prime lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 51 and thus denies them.

52.     Prime states that, to the extent Plaintiff purports to summarize or interpret any third-party publication, that publication speaks for itself, and Prime denies any characterization that is inconsistent with its content. Except as otherwise stated, Prime lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 52 and thus denies them.

53.     Prime states that, to the extent Plaintiff purports to summarize or interpret any third-party publication, that publication speaks for itself, and Prime denies any characterization that is inconsistent with its content. Except as otherwise stated, Prime lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 53 and thus denies them.

54.     Prime states that, to the extent Plaintiff purports to summarize or interpret any third-party publication, that publication speaks for itself, and Prime denies any characterization that is inconsistent with its content. Except as otherwise stated, Prime lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 54 and thus denies them.

55.     Prime states that, to the extent Plaintiff purports to summarize or interpret any third-party publication, that publication speaks for itself, and Prime denies any characterization that is inconsistent with its content. Except as otherwise stated, Prime lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 55 and thus denies them.

56.     Prime states that, to the extent Plaintiff purports to summarize or interpret any third-party publication, that publication speaks for itself, and Prime denies any characterization that is inconsistent with its content. Except as otherwise stated, Prime lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 56 and thus denies them.

57.     Prime states that, to the extent Plaintiff purports to summarize or interpret any advertising by Prime, that advertising speaks for itself, and Prime denies any characterization that is inconsistent with its content. Except as otherwise stated, Prime denies the remaining allegations in paragraph 57.

58.     Prime states that, to the extent Plaintiff purports to summarize or interpret any advertising by Prime, that advertising speaks for itself, and Prime denies any characterization that is inconsistent with its content. Except as otherwise stated, Prime denies the remaining allegations in paragraph 58.

59.     To the extent paragraph 59 purports to characterize consumers' beliefs about the Grape Sports Drink, Prime lacks knowledge or information sufficient to form a belief as to the truth of those allegations and thus denies them. Prime denies that the Grape Sports Drink contains chemicals that could adversely impact a person's health. Prime otherwise denies the allegations in paragraph 59.

60.     Prime lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 60 and thus denies them.

61.     Prime lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 61 and thus denies them.

62.     Prime lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 62 and thus denies them.

63.     Prime lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 63 and thus denies them.

64.     Prime states that, to the extent Plaintiff purports to summarize or interpret any third-party publication, that publication speaks for itself, and Prime denies any characterization that is inconsistent

with its content. Except as otherwise stated, Prime lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 64 and thus denies them.

65.     Prime states that, to the extent Plaintiff purports to summarize or interpret any third-party publication, that publication speaks for itself, and Prime denies any characterization that is inconsistent with its content. Except as otherwise stated, Prime lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 65 and thus denies them.

66.     Prime states that, to the extent Plaintiff purports to summarize or interpret any third-party publication, that publication speaks for itself, and Prime denies any characterization that is inconsistent with its content. Except as otherwise stated, Prime lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 66 and thus denies them.

67.     Prime states that, to the extent Plaintiff purports to summarize or interpret any third-party publication, that publication speaks for itself, and Prime denies any characterization that is inconsistent with its content. Except as otherwise stated, denies the allegations in paragraph 67.

68.     Prime states that, to the extent Plaintiff purports to summarize or interpret any third-party publication, that publication speaks for itself, and Prime denies any characterization that is inconsistent with its content. Except as otherwise stated, Prime lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 68 and thus denies them.

69.     Prime lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 69 and thus denies them.

70.     Prime lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 70 and thus denies them.

71.     Prime states that, to the extent Plaintiff purports to summarize or interpret any third-party publication, that publication speaks for itself, and Prime denies any characterization that is inconsistent with its content. Except as otherwise stated, Prime lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 71 and thus denies them.

72.     Prime denies the allegations in paragraph 72.

///

///

73.     Prime admits that it is the manufacturer of the Grape Sports Drink, determines the ingredients contained therein, as well as the quality control processes. Prime denies the remaining allegations in paragraph 73.

74.     Prime states that, to the extent Plaintiff purports to summarize or interpret any third-party publication, that publication speaks for itself, and Prime denies any characterization that is inconsistent with its content. Except as otherwise stated, Prime denies the allegations in paragraph 74.

75.     Prime denies the allegations in paragraph 75.

76.     To the extent paragraph 76 purports to characterize consumers' beliefs about the Grape Sports Drink, Prime lacks knowledge or information sufficient to form a belief as to the truth of those allegations and thus denies them. Prime otherwise denies the allegations in paragraph 76.

77.     Prime states that, to the extent Plaintiff purports to summarize or interpret any third-party publication, that publication speaks for itself, and Prime denies any characterization that is inconsistent with its content. Except as otherwise stated, Prime lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 77 and thus denies them.

78.     Prime states that, to the extent Plaintiff purports to summarize or interpret any third-party publication, that publication speaks for itself, and Prime denies any characterization that is inconsistent with its content. Except as otherwise stated, Prime lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 78 and thus denies them.

79.     Prime states that, to the extent Plaintiff purports to summarize or interpret any third-party publication, that publication speaks for itself, and Prime denies any characterization that is inconsistent with its content. Except as otherwise stated, Prime lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 79 and thus denies them.

80.     Prime states that, to the extent Plaintiff purports to summarize or interpret any third-party publication, that publication speaks for itself, and Prime denies any characterization that is inconsistent with its content. Except as otherwise stated, Prime lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 80 and thus denies them.

///

///

81.     To the extent paragraph 81 purports to characterize consumers' beliefs about the Grape Sports Drink, Prime lacks knowledge or information sufficient to form a belief as to the truth of those allegations and thus denies them. Prime otherwise denies the allegations in paragraph 81.

82.     Prime states that, to the extent Plaintiff purports to summarize or interpret any Prime label or advertising, that label or advertising speaks for itself, and Prime denies any characterization of that label or advertising that is inconsistent with its content. Prime otherwise denies the allegations in paragraph 82.

83.     Prime states that, to the extent Plaintiff purports to summarize or interpret any Prime label or advertising, that label or advertising speaks for itself, and Prime denies any characterization of that label or advertising that is inconsistent with its content. Prime otherwise denies the allegations in paragraph 83.

84.     Prime denies the allegations in paragraph 84.

85.     Prime denies the allegations in paragraph 85.

86.     Prime denies the allegations in paragraph 86.

87.     Prime denies the allegations in paragraph 87.

88.     Prime denies the allegations in paragraph 88.

89.     Prime denies the allegations in paragraph 89.

90.     To the extent paragraph 90 purports to characterize consumers' beliefs about the Grape Sports Drink, Prime lacks knowledge or information sufficient to form a belief as to the truth of those allegations and thus denies them. Prime otherwise denies the allegations in paragraph 90.

91.     Prime denies the allegations in paragraph 91.

92.     To the extent paragraph 92 purports to characterize consumers' beliefs about the Grape Sports Drink, Prime lacks knowledge or information sufficient to form a belief as to the truth of those allegations and thus denies them. Prime otherwise denies the allegations in paragraph 92.

93.     To the extent paragraph 93 purports to characterize consumers' beliefs about the Grape Sports Drink, Prime lacks knowledge or information sufficient to form a belief as to the truth of those allegations and thus denies them. Prime otherwise denies the allegations in paragraph 93.

94.     To the extent paragraph 94 purports to characterize consumers' beliefs about the Grape Sports Drink, Prime lacks knowledge or information sufficient to form a belief as to the truth of those allegations and thus denies them. Prime otherwise denies the allegations in paragraph 94.

95.     Prime denies the allegations in paragraph 95.

96.     Prime denies the allegations in paragraph 96.

97.     Prime states that, to the extent Plaintiff purports to summarize or interpret any Prime label or advertising, that label or advertising speaks for itself, and Prime denies any characterization of that label or advertising that is inconsistent with its content. Prime otherwise denies the allegations in paragraph 97.

98.     The allegations in paragraph 98 state legal conclusions, as to which no response is required. To the extent a response is required, Prime denies the factual allegations in paragraph 98.

99.     The allegations in paragraph 99 state legal conclusions, as to which no response is required. To the extent a response is required, Prime denies the factual allegations in paragraph 99.

100.     The allegations in paragraph 100 state legal conclusions, as to which no response is required. To the extent a response is required, Prime denies the factual allegations in paragraph 100.

101.     The allegations in paragraph 101 state legal conclusions, as to which no response is required. To the extent a response is required, Prime lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 101 and thus denies them. Except as otherwise stated, Prime denies the allegations in paragraph 101.

102.     Prime denies the allegations in paragraph 102.

103.     The allegations in paragraph 103 state legal conclusions, as to which no response is required. To the extent a response is required, Prime denies the factual allegations in paragraph 103.

104.     Prime states that, to the extent Plaintiff purports to summarize or interpret any third-party publication, that publication speaks for itself, and Prime denies any characterization that is inconsistent with its content. Except as otherwise stated, Prime lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 104 and thus denies them. To the extent the allegations in paragraph 104 state legal conclusions, no response is required. To the extent a response is required, Prime denies the factual allegations in paragraph 104.

105.    The allegations in paragraph 105 state legal conclusions, as to which no response is required.[1] To the extent a response is required, Prime denies the factual allegations in paragraph 105.

106.    The allegations in paragraph 106 state legal conclusions, as to which no response is required. Prime states that, to the extent Plaintiff purports to summarize or interpret any third-party publication, that publication speaks for itself, and Prime denies any characterization of that publication that is inconsistent with its content. Prime otherwise denies the allegations in paragraph 106.

107.    The allegations in paragraph 107 state legal conclusions, as to which no response is required. To the extent a response is required, Prime denies the factual allegations in paragraph 107.

108.    The allegations in paragraph 108 state legal conclusions, as to which no response is required. To the extent a response is required, Prime otherwise denies the allegations in paragraph 108.

109.    The allegations in paragraph 109 state legal conclusions, as to which no response is required. To the extent a response is required, Prime denies the factual allegations in paragraph 109.

110.    The allegations in paragraph 110 state legal conclusions, as to which no response is required. To the extent a response is required, Prime denies the factual allegations in paragraph 110.

111.    Prime denies the allegations in paragraph 111.

112.    Prime denies the allegations in paragraph 112.

113.    Prime denies the allegations in paragraph 113.

114.    Prime states that, to the extent Plaintiff purports to summarize or interpret any Prime label or advertising, that label or advertising speaks for itself, and Prime denies any characterization of that label or advertising that is inconsistent with its content. Prime otherwise denies the allegations in paragraph 114.

115.    To the extent paragraph 115 purports to characterize Plaintiff's residency or conduct, Prime lacks knowledge or information sufficient to form a belief as to the truth of those allegations and thus denies them. Except as otherwise stated, Prime denies the allegations in paragraph 115.

116.    To the extent paragraph 116 purports to characterize Plaintiff's conduct, Prime lacks knowledge or information sufficient to form a belief as to the truth of those allegations and thus denies them. Except as otherwise stated, Prime denies the allegations in paragraph 116.

---

[1] The Amended Complaint mistakenly labels paragraph 105 as paragraph 104.

117.    Prime denies the allegations in paragraph 117.

118.    To the extent paragraph 118 purports to characterize Plaintiff's conduct, Prime lacks knowledge or information sufficient to form a belief as to the truth of those allegations and thus Prime denies the allegations in paragraph 118. Prime otherwise denies the allegations in paragraph 118.

119.    Prime denies the allegations in paragraph 119.

120.    Prime lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 120 and thus denies them.

121.    Prime lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 121 and thus denies them.

122.    Prime denies the allegations in paragraph 122.

123.    Prime denies the allegations in paragraph 123.

124.    Prime denies the allegations in paragraph 124.

125.    Prime denies the allegations in paragraph 125.

126.    Prime denies the allegations in paragraph 126.

127.    Prime denies the allegations in paragraph 127.

128.    Prime denies the allegations in paragraph 128.

129.    To the extent paragraph 129 purports to characterize Plaintiff's conduct, Prime lacks knowledge or information sufficient to form a belief as to the truth of those allegations and thus denies them. Prime otherwise denies the allegations in paragraph 129.

130.    Prime denies the allegations in paragraph 130.

131.    Prime denies the allegations in paragraph 131.

132.    Prime denies the allegations in paragraph 132.

133.    The allegations in paragraph 133 state legal conclusions, as to which no response is required. Prime otherwise denies the allegations in paragraph 133.

134.    The allegations in paragraph 134 state legal conclusions, as to which no response is required. Prime otherwise denies the allegations in paragraph 134.

135.    The allegations in paragraph 135 state legal conclusions, as to which no response is required.  Prime otherwise denies the allegations in paragraph 135.

136.     Prime states that, to the extent Plaintiff purports to summarize or interpret any Prime label or advertising, that label or advertising speaks for itself, and Prime denies any characterization of that label or advertising that is inconsistent with its content. Prime otherwise denies the allegations in paragraph 136.

137.     Prime denies the allegations in paragraph 137 and denies that the Grape Sports Drink is not safe for human consumption.

138.     Prime denies the allegations in paragraph 138.

139.     Prime states that, to the extent Plaintiff purports to summarize or interpret any advertising by Prime, that advertising speaks for itself, and Prime denies any characterization of that advertising that is inconsistent with its content. Except as otherwise stated, Prime denies the remaining allegations in paragraph 139.

140.     Prime denies the allegations in paragraph 140.

141.     Prime denies the allegations in paragraph 141 and denies that it made material omissions about the Grape Sports Drink.

142.     Prime denies the allegations in paragraph 142 and denies that it made material omissions about the Grape Sports Drink.

143.     Paragraph 143 contains Plaintiff's proposed class definition and does not require a response. Prime denies that Plaintiff has defined a proper class and denies that the requirements of Rule 23 can be satisfied in this case. To the extent paragraph 143 could be interpreted to contain any factual allegations, Prime denies them.

144.     Paragraph 144 contains Plaintiff's proposed class definition and does not require a response. Prime denies that Plaintiff has defined a proper class and denies that the requirements of Rule 23 can be satisfied in this case. To the extent paragraph 144 could be interpreted to contain any factual allegations, Prime denies them.

145.     Prime denies that Plaintiff meets the requirements to form a class.

146.     Prime denies the allegations in paragraph 146. Prime denies that a class action is a superior method of adjudicating this case or that Plaintiff's claims are appropriate for class treatment. Prime further

denies that Plaintiff and the putative class have sustained similar injuries (or any injuries) and denies that Prime has engaged in any wrongful conduct.

147.    Prime denies the allegations in paragraph 147. Prime denies that a class action is a superior method of adjudicating this case or that Plaintiff's claims are appropriate for class treatment. Prime further denies that Plaintiff and the putative class have sustained similar injuries (or any injuries) and denies that Prime has engaged in any wrongful conduct.

148.    Prime denies the allegations in paragraph 148. Prime denies that a class action is a superior method of adjudicating this case or that Plaintiff's claims are appropriate for class treatment. Prime further denies that Plaintiff and the putative class have sustained similar injuries (or any injuries) and denies that Prime has engaged in any wrongful conduct.

149.    Prime denies the allegations in paragraph 149 and the allegations in all subparagraphs of paragraph 149 that there are predominant questions of law and fact affecting putative class members. Prime denies all remaining allegations in paragraph 149 and further denies that Plaintiff's claims are appropriate for class treatment.

150.    Prime denies the allegations in paragraph 150. Prime denies that a class action is a superior method of adjudicating this case or that Plaintiff's claims are appropriate for class treatment. Prime further denies that Plaintiff and the putative class have sustained similar injuries (or any injuries) and denies that Prime has engaged in any wrongful conduct.

151.    Prime denies the allegations in paragraph 151. Prime denies that a class action is a superior method of adjudicating this case or that Plaintiff's claims are appropriate for class treatment. Prime further denies that Plaintiff and the putative class have sustained similar injuries (or any injuries) and denies that Prime has engaged in any wrongful conduct.

152.    Prime denies the allegations in paragraph 152. Prime denies that a class action is a superior method of adjudicating this case or that Plaintiff's claims are appropriate for class treatment. Prime further denies that Plaintiff and the putative class have sustained similar injuries (or any injuries) and denies that Prime has engaged in any wrongful conduct.

153.    Prime denies the allegations in paragraph 153. Prime denies that a class action is a superior method of adjudicating this case or that Plaintiff's claims are appropriate for class treatment. Prime further

denies that Plaintiff and the putative class have sustained similar injuries (or any injuries) and denies that Prime has engaged in any wrongful conduct.

154.    Prime denies the allegations in paragraph 154. The Court dismissed Plaintiff's violation of Magnuson-Moss Warranty Act claim (ECF No. 56).

155.    Prime denies the allegations in paragraph 155. The Court dismissed Plaintiff's violation of Magnuson-Moss Warranty Act claim (ECF No. 56).

156.    Prime denies the allegations in paragraph 156. The Court dismissed Plaintiff's violation of Magnuson-Moss Warranty Act claim (ECF No. 56).

157.    Prime denies the allegations in paragraph 157. The Court dismissed Plaintiff's violation of Magnuson-Moss Warranty Act claim (ECF No. 56).

158.    Prime denies the allegations in paragraph 158. The Court dismissed Plaintiff's violation of Magnuson-Moss Warranty Act claim (ECF No. 56).

159.    Prime denies the allegations in paragraph 159. The Court dismissed Plaintiff's violation of Magnuson-Moss Warranty Act claim (ECF No. 56).

160.    Prime denies the allegations in paragraph 160. The Court dismissed Plaintiff's violation of Magnuson-Moss Warranty Act claim (ECF No. 56).

161.    Prime denies the allegations in paragraph 161. The Court dismissed Plaintiff's violation of Magnuson-Moss Warranty Act claim (ECF No. 56).

162.    Prime denies the allegations in paragraph 162. The Court dismissed Plaintiff's violation of Magnuson-Moss Warranty Act claim (ECF No. 56).

163.    Prime denies the allegations in paragraph 163. The Court dismissed Plaintiff's violation of Magnuson-Moss Warranty Act claim (ECF No. 56).

164.    Prime denies the allegations in paragraph 164. The Court dismissed Plaintiff's violation of Magnuson-Moss Warranty Act claim (ECF No. 56).

165.    Prime denies the allegations in paragraph 165. The Court dismissed Plaintiff's violation of Magnuson-Moss Warranty Act claim (ECF No. 56).

166.    Prime denies the allegations in paragraph 166. The Court dismissed Plaintiff's violation of Magnuson-Moss Warranty Act claim (ECF No. 56).

167.    Prime denies the allegations in paragraph 167. The Court dismissed Plaintiff's violation of Magnuson-Moss Warranty Act claim (ECF No. 56).

168.    Prime denies the allegations in paragraph 168. The Court dismissed Plaintiff's violation of the California Consumer Legal Remedies Act ("CLRA") claim (ECF No. 56).

169.    Prime denies the allegations in paragraph 169. The Court dismissed Plaintiff's violation of the CLRA claim (ECF No. 56).

170.    Prime denies the allegations in paragraph 170. The Court dismissed Plaintiff's violation of the CLRA claim (ECF No. 56).

171.    Prime denies the allegations in paragraph 171. The Court dismissed Plaintiff's violation of the CLRA claim (ECF No. 56).

172.    Prime denies the allegations in paragraph 172. The Court dismissed Plaintiff's violation of the CLRA claim (ECF No. 56).

173.    Prime denies the allegations in paragraph 173. The Court dismissed Plaintiff's violation of the CLRA claim (ECF No. 56).

174.    Prime denies the allegations in paragraph 174. The Court dismissed Plaintiff's violation of the CLRA claim (ECF No. 56).

175.    Prime denies the allegations in paragraph 175. The Court dismissed Plaintiff's violation of the CLRA claim (ECF No. 56).

176.    Prime denies the allegations in paragraph 176. The Court dismissed Plaintiff's violation of the CLRA claim (ECF No. 56).

177.    Prime denies the allegations in paragraph 177. The Court dismissed Plaintiff's violation of the CLRA claim (ECF No. 56).

178.    Prime denies the allegations in paragraph 178. The Court dismissed Plaintiff's violation of the CLRA claim (ECF No. 56).

179.    Prime denies the allegations in paragraph 179. The Court dismissed Plaintiff's violation of the CLRA claim (ECF No. 56).

180.    Prime denies the allegations in paragraph 180. The Court dismissed Plaintiff's violation of the CLRA claim (ECF No. 56).

181.     Prime denies the allegations in paragraph 181. The Court dismissed Plaintiff's violation of the CLRA claim (ECF No. 56).

182.     Prime denies the allegations in paragraph 182. The Court dismissed Plaintiff's violation of the CLRA claim (ECF No. 56).

183.     Prime denies the allegations in paragraph 183. The Court dismissed Plaintiff's violation of the CLRA claim (ECF No. 56).

184.     Prime denies the allegations in paragraph 184. The Court dismissed Plaintiff's violation of the CLRA claim (ECF No. 56).

185.     Prime denies the allegations in paragraph 185. The Court dismissed Plaintiff's violation of the CLRA claim (ECF No. 56).

186.     Prime denies the allegations in paragraph 186. The Court dismissed Plaintiff's violation of the CLRA claim (ECF No. 56).

187.     Prime denies the allegations in paragraph 187. The Court dismissed Plaintiff's violation of the CLRA claim (ECF No. 56).

188.     Prime denies the allegations in paragraph 188. The Court dismissed Plaintiff's violation of the California Unfair Competition Law ("UCL") claim (ECF No. 56).

189.     Prime denies the allegations in paragraph 189. The Court dismissed Plaintiff's violation of the UCL claim (ECF No. 56).

190.     Prime denies the allegations in paragraph 190. The Court dismissed Plaintiff's violation of the UCL claim (ECF No. 56).

191.     Prime denies the allegations in paragraph 191. The Court dismissed Plaintiff's violation of the UCL claim (ECF No. 56).

192.     Prime denies the allegations in paragraph 192. The Court dismissed Plaintiff's violation of the UCL claim (ECF No. 56).

193.     Prime denies the allegations in paragraph 193. The Court dismissed Plaintiff's violation of the UCL claim (ECF No. 56).

194.     Prime denies the allegations in paragraph 194. The Court dismissed Plaintiff's violation of the UCL claim (ECF No. 56).

195.    Prime denies the allegations in paragraph 195. The Court dismissed Plaintiff's violation of the UCL claim (ECF No. 56).

196.    Prime denies the allegations in paragraph 196. The Court dismissed Plaintiff's violation of the UCL claim (ECF No. 56).

197.    Prime denies the allegations in paragraph 197. The Court dismissed Plaintiff's violation of the UCL claim (ECF No. 56).

198.    Prime denies the allegations in paragraph 198. The Court dismissed Plaintiff's violation of the UCL claim (ECF No. 56).

199.    Prime denies the allegations in paragraph 199. The Court dismissed Plaintiff's violation of the UCL claim (ECF No. 56).

200.    Prime denies the allegations in paragraph 200. The Court dismissed Plaintiff's violation of the UCL claim (ECF No. 56).

201.    Prime denies the allegations in paragraph 201. The Court dismissed Plaintiff's violation of the UCL claim (ECF No. 56).

202.    Prime denies the allegations in paragraph 202. The Court dismissed Plaintiff's violation of the UCL claim (ECF No. 56).

203.    Prime denies the allegations in paragraph 203. The Court dismissed Plaintiff's violation of the California False Advertising Law ("FAL") claim (ECF No. 56).

204.    Prime denies the allegations in paragraph 204. The Court dismissed Plaintiff's violation of the FAL claim (ECF No. 56).

205.    Prime denies the allegations in paragraph 205. The Court dismissed Plaintiff's violation of the FAL claim (ECF No. 56).

206.    Prime denies the allegations in paragraph 206. The Court dismissed Plaintiff's violation of the FAL claim (ECF No. 56).

207.    Prime denies the allegations in paragraph 207. The Court dismissed Plaintiff's violation of the FAL claim (ECF No. 56).

208.    Prime denies the allegations in paragraph 208. The Court dismissed Plaintiff's violation of the FAL claim (ECF No. 56).

209.    Prime denies the allegations in paragraph 209. The Court dismissed Plaintiff's violation of the FAL claim (ECF No. 56).

210.    Prime denies the allegations in paragraph 210. The Court dismissed Plaintiff's violation of the FAL claim (ECF No. 56).

211.    Prime denies the allegations in paragraph 211. The Court dismissed Plaintiff's violation of the FAL claim (ECF No. 56).

212.    Prime denies the allegations in paragraph 212. The Court dismissed Plaintiff's violation of the FAL claim (ECF No. 56).

213.    Prime denies the allegations in paragraph 213. The Court dismissed Plaintiff's violation of the FAL claim (ECF No. 56).

214.    Prime denies the allegations in paragraph 214. The Court dismissed Plaintiff's violation of the FAL claim (ECF No. 56).

215.    Prime denies the allegations in paragraph 215. The Court dismissed Plaintiff's violation of the FAL claim (ECF No. 56).

216.    Prime denies the allegations in paragraph 216. Prime denies that a class action is a superior method of adjudicating this case or that Plaintiff's claims are appropriate for class treatment. Prime further denies that Plaintiff and the putative class have sustained similar injuries (or any injuries) and denies that Prime has engaged in any wrongful conduct.

217.    The allegations in paragraph 217 state legal conclusions, as to which no response is required. To the extent a response is required, Prime denies the allegations in paragraph 217. The Court dismissed Plaintiff's breach of the implied warranty of fitness for a particular purpose claim (ECF No. 56).

218.    The allegations in paragraph 218 state legal conclusions, as to which no response is required.

219.    The allegations in paragraph 219 state legal conclusions, as to which no response is required. To the extent a response is required, Prime denies the allegations in paragraph 219.

220.    The allegations in paragraph 220 state legal conclusions, as to which no response is required. To the extent a response is required, Prime denies the allegations in paragraph 220.

221.    The allegations in paragraph 221 state legal conclusions, as to which no response is required. Prime otherwise denies the allegations in paragraph 221.

222.    Prime lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 222 and thus denies them.

223.    Prime lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 223 and thus denies them.

224.    Prime denies the allegations in paragraph 224.

225.    Prime lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 225 and thus denies them.

226.    Prime denies the allegations in paragraph 226 and denies that the Grape Sports Drink posed a significant safety risk.

227.    Prime admits it received a notice letter from Plaintiff's counsel regarding alleged breach of warranties purporting to be on behalf of similarly situated purchasers. Prime denies the remaining allegations in paragraph 227.

228.    Prime denies the allegations in paragraph 228 and denies that Plaintiff is entitled to damages or compensation of any kind.

In response to the Prayer for Relief in the Amended Complaint, including the Wherefore clause and all subparagraphs (a) through (i), Prime denies that Plaintiff or any putative class members have any claims or are entitled to any relief whatsoever. Prime further denies that Plaintiff's claims are appropriate for class treatment. The Court dismissed Plaintiff's claims for breach of implied warranty for a particular purpose, MMWA claim, CLRA claim, UCL claim, and FAL claim. (ECF No. 56).

In response to the Jury Demand in the Amended Complaint, Prime agrees that all appropriate claims should proceed before a jury, without waiving Prime's right to argue that equitable claims should proceed by a bench trial.

## FIRST AFFIRMATIVE DEFENSE

### [Failure to State a Claim]

1.    The Amended Complaint fails to state a claim against Prime upon which relief may be granted.

1

2

**SECOND AFFIRMATIVE DEFENSE**

**[Statute of Limitations]**

3       2.      The claims asserted in the Amended Complaint are barred, in whole or in part, by the

4    applicable statute of limitations as set forth in the statutes cited in the Amended Complaint.  Some or all

5    of the claims of putative class members are time-barred to the extent their claims arose before the

6    applicable statute of limitations periods from the filing of the complaint.

7

**THIRD AFFIRMATIVE DEFENSE**

8

**[Superseding or Alternative Cause/Lack of Causation]**

9       3.      The claims asserted in the Amended Complaint are barred, in whole or in part, because any

10    alleged injury was caused, in whole or in part, by the acts or omissions of Plaintiff, putative class members,

11    or by persons or entities other than Prime. Any purported misrepresentations, acts or omissions by Prime

12    did not directly or proximately cause the alleged injuries of Plaintiffs or the other members of the putative

13    class.

14

**FOURTH AFFIRMATIVE DEFENSE**

15

**[Assumption of the Risk]**

16       4.      Plaintiff and putative class members assumed the risk, to the extent there was any risk, in

17    connection with the matters referred to in the Amended Complaint, and recovery is therefore barred or

18    reduced to the extent of such assumption.

19

**FIFTH AFFIRMATIVE DEFENSE**

20

**[Equitable Indemnity/Comparative Contribution]**

21       5.      Prime alleges that in the event Prime is held liable, Prime is entitled to a percentage

22    contribution of the total liability from persons, firms, corporations or entities other than Prime in

23    accordance with the principles of equitable indemnity and comparative contribution.

24

**SIXTH AFFIRMATIVE DEFENSE**

25

**[Failure to Mitigate]**

26       6.      Plaintiff and the putative class members failed to mitigate the alleged damages, if any,

27    which they claim to have sustained and recovery should be barred or diminished accordingly.

28

**SEVENTH AFFIRMATIVE DEFENSE**

**[Modification/Alteration/Abuse/Misuse]**

7.     Plaintiff's claims and the claims of the putative class members are barred, in whole or in part, due to modification, alteration, abuse and/or misuse of materials or Grape Sports Drinks provided by Prime, and such conduct caused and contributed to the damages which are alleged in this lawsuit.

**EIGHTH AFFIRMATIVE DEFENSE**

**[No Injury or Damages]**

8.     All the claims in the Amended Complaint fail because neither Plaintiff nor any putative class members have suffered a cognizable injury or damage because Prime's website, advertising and product labels provided complete and accurate information regarding the character and qualities of the Grape Sports Drink. Plaintiffs and putative class members received a non-defective Grape Sports Drink that satisfies these representations.

**NINTH AFFIRMATIVE DEFENSE**

**[Untimely/Insufficient Notice for Breach of Warranty]**

9.     Prime alleges that, to the extent that Plaintiff seeks to recover based on any breach of warranty, Plaintiff failed to give timely and proper notice of a breach of warranty and that any such cause of action is therefore barred.

**TENTH AFFIRMATIVE DEFENSE**

**[Lack of Standing]**

10.     As and for a further affirmative defense to the Amended Complaint, and to each and every cause of action contained therein, Prime alleges that Plaintiff lacks standing to assert the claims alleged against Prime in the Amended Complaint, as do members of the putative class.

**ELEVENTH AFFIRMATIVE DEFENSE**

**[Offset]**

11.     Any claims for damages or other monetary recovery should be offset and reduced by the value received. Here, Plaintiffs and putative class members paid a justified, lawful price for an accurately labeled and advertised Grape Sports Drink, and received such a Grape Sports Drink in exchange, obtaining the value of their purchase in exchange.

1    **TWELFTH AFFIRMATIVE DEFENSE**

2    **[Spoliation of Evidence]**

3        12.    Plaintiff's claims and the claims of the putative class members are barred, in whole or in

4    part, because they have spoliated evidence of the Grape Sports Drink that was purportedly contaminated.

5    **THIRTEENTH AFFIRMATIVE DEFENSE**

6    **[No Punitive Damages]**

7        13.    To the extent that Plaintiff and the members of the putative class claim exemplary or

8    punitive damages, such awards are prohibited under the Fifth, Eighth and Fourteenth Amendments to the

9    United States Constitution. Plaintiff and the putative class members also fail to allege facts sufficient to

10   entitle them to such an award.

11   **FOURTEENTH AFFIRMATIVE DEFENSE**

12   **[Puffery]**

13       14.    To the extent that Plaintiff or the members of the putative class allege that statements made

14   by Prime caused their alleged injuries, any such statements are not actionable as puffery.

15   **FIFTEENTH AFFIRMATIVE DEFENSE**

16   **[No False, Untrue or Misleading Statements/Voluntary Payments]**

17       15.    The claims asserted in the Amended Complaint are barred, in whole or in part, because the

18   actual representations made by Prime were not false, untrue or misleading, and were not likely to deceive

19   a reasonable person. In addition, the asserted claims are barred because Plaintiff and members of the

20   putative class bought the Grape Sports Drink with actual or constructive knowledge of all materials facts,

21   meaning that any payments made were knowing and voluntary and cannot be recovered.

22   **SIXTEENTH AFFIRMATIVE DEFENSE**

23   **[Good Faith]**

24       16.    The claims asserted in the Amended Complaint are barred, in whole or in part, because the

25   acts or omissions alleged to have been performed by Prime, if performed at all, were done in good faith.

26   ///

27   ///

28   ///

PRIME HYDRATION LLC'S ANSWER TO AMENDED CLASS ACTION COMPLAINT

1

**SEVENTEENTH AFFIRMATIVE DEFENSE**

2

**[Not Appropriate for Class Treatment]**

3      17.      Plaintiff's claims, and those of any putative class or subclass alleged in the Amended

4    Complaint, may not be certified or maintained as a class action because, among other reasons, Plaintiff

5    cannot satisfy the prerequisites to a class action under Rule 23, Plaintiff cannot properly or adequately

6    represent the interests of others, the claims of the putative class members do not satisfy the prerequisites

7    to a class action, liability cannot be assessed without individual testimony and evidence from Plaintiff and

8    each putative class member, and the damages sought by the Plaintiffs on behalf of the alleged class or

9    subclass cannot be recovered without specific proof of injury and damage by each putative class member.

10

**EIGHTEENTH AFFIRMATIVE DEFENSE**

11

**[Damages Speculative]**

12      18.      The claims asserted in the Amended Complaint are barred, in whole or in part, because any

13    damages sought are speculative or remote.

14

**NINETEENTH AFFIRMATIVE DEFENSE**

15

**[First Amendment – Compelled Speech]**

16      19.      Plaintiff's claims and those of the putative class are barred by the First Amendment's

17    prohibition on compelling Prime to express a message that its Grape Sports Drink is defective or face

18    liability when that assertion is disputed, unsupported by evidence, and lacks scientific consensus.

19

**TWENTIETH AFFIRMATIVE DEFENSE**

20

**[Specific Proof of Damages]**

21      20.      The damages sought by Plaintiff on behalf of the putative class cannot be recovered without

22    specific proof of injury and damage by each putative class member.

23

**TWENTY-FIRST AFFIRMATIVE DEFENSE**

24

**[Unjust Enrichment]**

25      21.      Plaintiff and putative class members are barred from recovery to the extent they would be

26    unjustly enriched by any recovery. They would be unjustly enriched because they received the benefit of

27    the bargain when they allegedly purchased the Grape Sports Drink. Specifically, Plaintiff and putative

28

class members paid a justified, lawful price for an accurately labeled and advertised beverage and received such a beverage in exchange.

### RESERVATION OF DEFENSES

Further responding, Prime states that it currently has insufficient knowledge or information on which to form a belief as to whether it may have additional, as yet unstated, affirmative defenses available. Prime intends to rely on any additional defenses which may become available or apparent during the proceedings in this case, and it expressly reserves the right to amend this Answer to assert such additional defenses.

### PRAYER

WHEREFORE, Defendant prays for judgment as follows:

1.    That Plaintiff recover take nothing by way of its unverified Amended Complaint;

2.    That the present action be dismissed with prejudice;

3.    That the Court enter judgment in favor of Defendant and against Plaintiff on each and every claim for relief;

4.    That Defendant be awarded cost of suit; and

5.    For such other and further relief as the Court may deem proper.

DATED: October 24, 2024

By: /s/ *Cindy Hamilton*

GREENBERG TRAURIG, LLP
Cindy Hamilton
hamiltonc@gtlaw.com
1900 University Avenue, 5th Floor
East Palo Alto, CA 92008
Telephone: 650.328.8500

Robert J. Herrington
Robert.Herrington@gtlaw.com
1840 Century Park East, Suite 1900
Los Angeles, CA 90067
Telephone: 310.586.7700

Attorneys for Defendant
PRIME HYDRATION LLC